IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MATTHEW SMITH, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DONALD T. VAUGHN, et al. | : | No. 02-3001 |
| | : | |

**REPORT AND RECOMMENDATION**

CAROL SANDRA MOORE WELLS                                                                          July 2, 2002
UNITED STATES MAGISTRATE JUDGE

Presently before this court is a *pro se* petition for writ of habeas corpus filed by Matthew Smith (Petitioner) pursuant to 28 U.S.C. § 2254. Petitioner, a state prisoner serving a sentence at the State Correctional Institution at Graterford, Pennsylvania, alleges that improper aggregation of his sentences has caused an illegal detainment in violation of his federal double jeopardy and due process rights. The Honorable Eduardo C. Robreno referred this matter to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that this petition be TRANSFERRED to the United States District Court for the Western District of Pennsylvania.

**I. BACKGROUND AND PROCEDURAL HISTORY[1]**

Petitioner was convicted of robbery on or about October 26, 1988, after a bench trial before Judge Kunselman. He was sentenced to a term of imprisonment of three to ten years. (Criminal No. 1639 of 1987, Court of Common Pleas, Beaver County).[2] *See* Pet. at 5. Petitioner's direct appeals

---

[1] The facts set forth in this background and procedural history were gleaned from Petitioner's Petition for Writ of Habeas Corpus.

[2] As a result of this conviction, the Pennsylvania Board of Probation and Parole calculated Petitioner's maximum release date to be October 10, 2005. *See* Petition at [14].

to the Pennsylvania Superior Court and the Pennsylvania Supreme Court resulted in affirmance of the conviction and sentence. *See id.*, at 6. Petitioner subsequently filed a Writ of Habeas Corpus/Writ of Mandamus in Commonwealth Court. *See id.* That action was dismissed, without a hearing, on June 11, 2001. *See* Pet. at [13]. Subsequent appeals to the state superior and supreme court, again, proved futile. Therefore, on May 20, 2002, Petitioner filed the instant Petition for Writ of Habeas Corpus.

## II. DISCUSSION

A. <u>Transfer of Petition</u>

A federal habeas corpus petition properly may be filed either in the district court for the district wherein the petitioner is in custody or in the district court for the district within which he was convicted and sentenced. *See* 28 U.S.C. § 2241(d).[3] However, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

Although Petitioner in this case currently is incarcerated at Graterford Prison in the Eastern District of Pennsylvania, he was tried and convicted in Beaver County located in the Western District of Pennsylvania. Consequently, records pertinent to the conviction under attack herein are maintained in, and, hence, are more accessible to the Western District Court. Also, prior counsel and potential witnesses are likely to be located in the Western District. Such considerations

---

[3]28 U.S.C. § 2241(d) provides:
> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

of convenience and justice warrant a transfer of this case to the Western District for hearing and determination. S*ee* 28 U.S.C. § 1404(a).[4] Accordingly, I make the following:

**RECOMMENDATION**

AND NOW, this 2nd day of July, 2002, for the reasons contained in the foregoing report, it is hereby recommended that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be TRANSFERRED to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 2241(d). Based on this change in venue only, Petitioner has failed to show a denial of any constitutional right that would warrant a certificate of appealability.

```
                                    _____
                                    CAROL SANDRA MOORE WELLS
                                    UNITED STATES MAGISTRATE JUDGE
```

---

[4] 28 U.S.C. § 1404(a) states:
> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MATTHEW SMITH, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DONALD T. VAUGHN, et al. | : | No. 02-3001 |

### ORDER

AND NOW, this            day of                   , 2002, upon consideration of the Petition for Writ of Habeas Corpus, and after review of the Report and Recommendation of United States Magistrate Judge Carol Sandra Moore Wells, it is hereby ORDERED that:

1. The Report and Recommendation is APPROVED and ADOPTED;

2. This Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, is TRANSFERRED to the United States District Court for the Western District of Pennsylvania, in accordance with 28 U.S.C. § 2241(d);

3. Based upon the Magistrate Judge's determination that the within petition should be transferred to another venue, Petitioner has failed to show a denial of any constitutional right, thus, a certificate of appealability shall not be issued; and

4. The Clerk of Court shall transmit the original record to the United States District Court for the Western District of Pennsylvania.

IT IS SO ORDERED.

BY THE COURT:

_____
EDUARDO C. ROBRENO, J.